IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID BAUMANN,

                                                  ORDER

              Plaintiff,

                                        08-cv-760-slc[1]

    v.

GLOBAL FINISHING SOLUTIONS, LLC,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff David Baumann filed this civil action, alleging that defendant Global Finishing Solutions, LLC violated his rights under the Americans with Disabilities Act. In April 21, 2009, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), in which it contends that plaintiff's complaint should be dismissed for failure to state a claim because his complaint was filed outside the applicable statute of limitations. Dkt. #13. Subsequently, a briefing schedule was established under which plaintiff had until May 12, 2009, in which to oppose the motion. Plaintiff did not file a response to defendant's motion. Indeed, he has not communicated with the court in any way since March 27, 2009, when

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the purpose of issuing this opinion and order only, I am assuming jurisdiction over this case.

1

he filed an executed summons with the court. Plaintiff's failure to oppose defendant's motion or to communicate with the court is an indication that he is no longer interested in prosecuting the case.

Dismissals for failure to prosecute are covered by Fed. R. Civ. P. 41(b). Under that rule, a court may dismiss an action for a plaintiff's failure to prosecute and the dismissal will operate as an adjudication upon the merits. In other words, plaintiff will be barred from raising the same claim against the same defendant in a future lawsuit. The Seventh Circuit has identified several criteria that a district court should consider before dismissing a case for failure to prosecute. Among them are: 1) the frequency and magnitude of the plaintiff's missed deadlines; 2) the effect of the delay on the court's schedule; 3) the prejudice to other litigants; and 4) the possible merits of the lawsuit. Williams v. Chicago Board of Education, 155 F.3d at 853, 857 (7th Cir. 1998). In addition, the Seventh Circuit requires that "an explicit warning" be provided before a lawsuit is dismissed for the failure to prosecute. See Id. (quoting Ball v. City of Chicago, 2 F.3d 752, 755 (7th Cir. 1993)).

Because dismissal with prejudice pursuant to Rule 41(b) for the failure to prosecute is a "harsh penalty" that is appropriate "only in extreme circumstances," Palmer v. City of Decatur, 814 F.2d 426, 428 (7th Cir. 1987), I will offer plaintiff one last opportunity to oppose defendant's motion. If he fails to do so, I will dismiss this action pursuant to Rule 41(b). Plaintiff has missed his deadline for opposing defendant's motion. Aside from the

2

obligation to move a case forward, a plaintiff has a particular obligation to respond to a dispositive motion and prove the factual and legal bases for his claim. Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999). In addition, defendant should not be required to defend against plaintiff's claims a second time at some point in the future. These two criteria alone are sufficient to warrant a dismissal with prejudice.

ORDER

IT IS ORDERED that if, by June 22, 2009, plaintiff David Baumann fails to submit a brief in response to defendant's motion to dismiss or to show cause why he is unable to do so, then the Clerk shall enter judgment in favor of the defendants, dismissing this case with prejudice pursuant to Fed. R. Civ. P. 41(b) for plaintiff's failure to prosecute.

Entered this 1st day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3