IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID BAUMANN,

                                           ORDER

               Plaintiff,

                                08-cv-760-slc[1]

     v.

GLOBAL FINISHING
SOLUTIONS, LLC,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     This is a civil action for discrimination brought pursuant to Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111-17.  Plaintiff David Baumann, proceeding pro se, contends that defendant Global Finishing Solutions, LLC, wrongfully terminated him for missing work on May 17, 2007 because of his disabilities.

     Now before the court is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that plaintiff's complaint falls outside the statute of limitations for

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker.  For the purpose of issuing this opinion and order only, I am assuming jurisdiction over this case.

wrongful termination claims under the ADA.  Although Title I does not contain an express statute of limitation, it adopts the enforcement procedures for Title VII discrimination claims.  Under Title VII, an aggrieved person must file a charge of discrimination with either a state or local antidiscrimination agency within 300 days of the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(e).[2]

Initially, plaintiff failed to file a response to defendant's motion to dismiss.  (A review of the docket indicates that the reason was his never having been served with the motion.)  On June 1, 2009, this court issued an order instructing plaintiff to file a brief in response or this case would be dismissed.  On June 19, 2009, plaintiff submitted a brief in opposition, in which he does not dispute that his complaint failed to comply with the statute of limitations, but that the limitations period should be tolled because he was mentally incapacitated during the relevant time.

On June 29, 2009, defendant filed a reply brief in which it argues that apart from plaintiff's allegations of mental incapacity, he has presented no evidence that he was mentally incapacitated during the 300 days between his termination and the last day he had

---

[2] In its reply brief, defendant also raises an additional grounds for dismissal based on a June 28, 2007 "settlement agreement" between the parties.  Because I cannot consider arguments raised for the first time in a reply brief, Nelson v. LaCrosse County District Attorney, 301 F.3d 820, 836 (7th Cir. 2002) (arguments raised for the first time in the reply brief are waived), I will disregard this ground for dismissal).

to file his complaint.  On that same day, plaintiff filed a surreply brief with medical records and an affidavit from his mother attesting to his mental illness.

"[M]ental illness tolls a statute of limitations only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them."  Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996); see also Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95-96 (1990) (stating that doctrine of equitable tolling should be used sparingly, such as "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass").  Moreover, the disabling mental condition must afflict and limit the individual throughout the time limitations period.  Miller, 77 F.3d at 191.

In order to determine whether plaintiff's mental incapacity rendered him incapable of understanding his legal rights during the relevant time period, it is necessary to consider facts outside the pleadings.  Normally, a court may not consider matters outside the pleadings in the context of a motion to dismiss.  Fed. R. Civ. P. 12(b); Fleischfresser v. Directors of School District 200, 15 F. 3d 680, 684 (7th Cir. 1994) ("Rule 12(b) commands that if a district court considers material that is not included in the pleadings, the district court must treat the motion to dismiss as one for summary judgment."); 18 Charles Alan Wright and Arthur Miller, Federal Practice and Procedure,§ 4405 at 105-07 (2d. ed. 2002)

3

("If matters outside the pleadings are considered, it is better to treat the motion as one for summary judgment."). When this happens, Rule 12 requires courts to convert the motion to dismiss into a motion for summary judgment. Fleischfresser, 15 F. 3d at 684  Therefore, defendant's motion to dismiss must be converted to a motion for summary judgment.

Because the issue whether plaintiff was mentally incapacitated during the running of the statute of limitations is narrow, I will not require the parties to submit proposed findings of fact as this court's summary judgment procedures would ordinarily require. However, plaintiff is advised that if he seeks to contest defendant's motion, he must submit and identify the evidence demonstrating he was mentally incapacitated during the entire time the statute of limitations ran.  Plaintiff cannot merely submit affidavits or medical records that he suffered from a mental disability or failed to learn about his legal rights during that time.  Instead, he must submit evidence that from May 17, 2007 until March 12, 2008, he had an ongoing mental disability and that this disability made it impossible for him to manage his affairs, understand his legal rights or act upon them.  Miller, 77 F.3d at 191. Plaintiff will have until September 1, 2009 to submit a brief and evidence.  Defendant will have until September 8 to reply.

ORDER

IT IS ORDERED that defendant's motion to dismiss, dkt. #13, is CONVERTED

4

into a motion for summary judgment.  Plaintiff may have until August 31, 2009, in which

to serve and file a brief and affidavits or documentary evidence in opposition to the motion.

Defendants may have until September 7, 2009, in which to serve and file a reply.

      Entered this 11th day of August, 2009.

                  BY THE COURT:

                  /s/

                  _____

                  BARBARA B. CRABB
                  District Judge