IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID BAUMANN,

                                                    ORDER

                    Plaintiff,

                                                   08-cv-760-slc[1]

    v.

GLOBAL FINISHING
SOLUTIONS, LLC,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action for discrimination brought pursuant to Title I of the Americans with Disabilities Act, 42 U.S.C. § 12112. Plaintiff David Baumann, proceeding pro se, contends that defendant Global Finishing Solutions, LLC, wrongfully terminated him for missing work on May 17, 2007 because of his disabilities. Now before the court are defendant's motion for summary judgment and defendant's motion to dismiss for failure to prosecute under Fed. R. Civ. P. 41(b). Because plaintiff has failed to respond to defendant's

---

[1] Because the parties have not yet consented to the magistrate judge's jurisdiction in this case, I am assuming jurisdiction for the purpose of deciding the dispositive motions presently before the court.

1

motion to dismiss, and in fact, has failed to file any document with this court in two months, I will grant defendant's motion to dismiss and deny the motion for summary judgment as moot.

Originally, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6) on April 21, 2009, on the ground that plaintiff's complaint falls outside the statute of limitations for wrongful termination claims under the ADA. Dkt. #13. On June 18, 2009, plaintiff submitted a brief in opposition, conceding that his complaint did not fall within the time period set out in the statute of limitations, but arguing that the limitations period should be tolled because he was mentally incapacitated during the relevant time. Dkt. #20.

On June 29, 2009, defendant filed a reply brief in which it argued that apart from plaintiff's allegations of mental incapacity, he had presented no evidence that he was mentally incapacitated during the 300 days between his termination and the last day on which he could have filed his complaint. Dkt. #21. On that same day, plaintiff filed a surreply brief with medical records and an affidavit from his mother attesting to his mental illness. Dkt. #24.

On August 12, 2009, I told plaintiff that he needed to submit proof that his mental illness incapacitated him during the entire time the statute of limitations ran. Dkt. #26; <u>Miller v. Runyon</u>, 77 F.3d 189, 191 (7th Cir. 1996). Because I was asking plaintiff to submit facts outside the pleadings, I converted defendant's motion to dismiss into a motion

for summary judgment. Fed. R. Civ. P 12(b)(6); Fleischfresser v. Directors of School District 200, 15 F.3d 680, 684 (7th Cir. 1994). I told plaintiff that he had until September 1, 2009 to submit the required evidence. Plaintiff has not submitted any evidence or otherwise responded to the August 12, 2009 order. Because plaintiff has failed to respond to defendant's most recent motion to dismiss and this court's August 12, 2009 order, I conclude that he has failed to prosecute his case. Therefore, dismissal is appropriate under Fed. R. Civ. P. 41(b).

ORDER

IT IS ORDERED that

1. Defendant Global Finishing Solutions, LLC's motion to dismiss for defendant David Baumann's failure to prosecute is GRANTED.

2. Defendant's motion for summary judgment is DENIED as moot.

3. Plaintiff's complaint is DISMISSED with prejudice.

4. The clerk of court is directed to close the file.

Entered this 9th day of October, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge